## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

JOHN HENSLEY     PETITIONER

V.     Civil Action No. 3:07CV-P-00028-S

30TH JUDICIAL CIRCUIT OF KENTUCKY

and

JOHN MOTLEY, WARDEN     RESPONDENTS

## MEMORANDUM OPINION

      John Hensley, a Ohio state prisoner proceeding *pro se*, has filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket no. 1), in which he asserts that his plea of guilty to a felony charge in Jefferson Circuit Court should be overturned because it was obtained in violation of Article III(a) of the Interstate Agreement on Detainers Act.

      The court has reviewed the parties' pleadings and finds that Mr. Hensley's arguments lack merit. Allegations of violations of the Interstate Agreement on Detainers Act, 18 U.S.C. app. § 2, adopted by Kentucky at Ky. Rev. Stat. 440.450 (the "IAD"), generally are not cognizable under 28 U.S.C. § 2254, absent exceptional circumstances that constitute a fundamental defect in the administration of justice. No such exceptional circumstances are present here. Moreover, even if Mr. Hensley's claim was appropriate for habeas review, the 30th Judicial Circuit of Kentucky, and the Kentucky Court of Appeals, correctly identified and applied *Fex v. Michigan,* 507 U.S. 43 (1993), to the facts of Mr. Hensley's case, and thus there is no basis for relief under 28 U.S.C. § 2254.

I.

On March 18, 2004, Mr. Hensley was indicted by the Commonwealth of Kentucky on one felony charge of robbery in the first degree. At the time of the indictment, Mr. Hensley was incarcerated in Ohio, so the Commonwealth of Kentucky lodged a detainer against him on June 3, 2004. Shortly thereafter, the prison officials at the Pickaway Correctional Institution in Ohio informed Mr. Hensley of the indictment. He promptly asked to make a request pursuant to the IAD that he be brought to trial in Kentucky within 180 days, and he signed the appropriate documents on July 22, 2004.

Although officials at the Pickaway Correctional Institution informed Mr. Hensley that they had sent his speedy trial request to both the Commonwealth's Attorney for Jefferson County and the Jefferson Circuit Court, as is required by the IAD, they only received a copy of the return receipt from the Commonwealth's Attorney. Mr. Hensley, however, was diligent in his efforts to make sure that both of the appropriate offices had received his request. On January 24, February 1, and February 25, 2005, he asked prison officials to provide him with confirmation that they had sent his IAD request and that the return receipt from both the Commonwealth's Attorney and the Jefferson Circuit Court had been received. Each time, the clerks at the Ohio prison told him that they only had confirmation that the Commonwealth's Attorney had received his request.

On March 16, 2005, Mr. Hensley filed a motion in Jefferson Circuit Court seeking a dismissal the charge against him. In his motion, he asserted that the IAD's 180-day time limit for bringing him to trial began to run on the date that the Commonwealth Attorney's office received his request. The Jefferson Circuit Court denied the motion, however, because *it* did not

receive his request for a speedy trial until it was attached as an exhibit to his motion to dismiss and, therefore, the 180-day period did not begin to run until March 16, 2005.  In its opinion, the circuit court correctly identified *Fex v. Michigan*, 507 U.S. 43 (1993), as the applicable Supreme Court precedent and applied its holding (*i.e.,* that the IAD requires *actual* delivery to the appropriate prosecutor and court before the time limit begins to run) to Mr. Hensley's circumstances.

On September 7, 2005 (175 days after the court received notice via the motion to dismiss that Mr. Hensley had made his request pursuant to the IAD, but approximately thirteen months after the prosecutor received her notice), Mr. Hensley entered into a conditional guilty plea, by which he reserved the right to appeal the circuit court's denial of his motion to dismiss.  He timely filed an appeal, but it was denied.  As did the Jefferson Circuit Court, the Kentucky Court of Appeals correctly identified *Fex v. Michigan* as the controlling Supreme Court precedent, applied its holding and reasoning to the facts of Mr. Hensley's case, and determined that there existed no violation of the IAD.  The Kentucky Supreme Court denied Mr. Hensley's request for discretionary review, and there is no evidence in the record that he sought further review by the United States Supreme Court.

Mr. Hensley's petition in this court for habeas relief pursuant to 28 U.S.C. § 2254 soon followed.  In his petition, Mr. Hensley again asserts that his Kentucky conviction was obtained in violation of the IAD.  Neither in his habeas petition currently under review, nor in any of his pleadings filed in Kentucky's courts, however, does Mr. Hensley make any argument that his right to a fair trial was affected by the approximately seven-month delay between when the Jefferson Circuit Court reasonably should have received his request for a prompt trial, and when

it actually did as part of his motion to dismiss. He does not argue that evidence or witnesses were lost because of the delay, or that witnesses' memories were impaired by the additional passage of time. Nor does he assert that there was any intentional attempt by the Ohio prison officials or the Jefferson Circuit Court to violate the IAD or otherwise delay the running of the 180-day limit. Rather, his sole argument has been simply that there was a violation of the IAD that his own diligence could not correct, and that, in and of itself, constituted a miscarriage of justice warranting a dismissal.

## II.

The relevant habeas corpus statute, 28 U.S.C. § 2254, states in pertinent part that a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court shall not be granted unless the petitioner can show that the state court's adjudication of his claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

A state's court renders an opinion contrary to clearly established Supreme Court precedent when it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if it decides a case differently than the Supreme Court has on a set of "materially indistinguishable" facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court's decision unreasonably applies clearly established Supreme Court precedent "if it either (1) correctly identifies the governing legal principle from the Supreme Court's decisions but then unreasonably applies that principle to the facts of the prisoner's case, or (2) unreasonably

extends, or unreasonably declines to extend, a clearly established legal principle to a new context." *See Calvert v. Wilson*, 288 F.3d 823, 828 (6th Cir. 2003)(citing *Williams,* 529 U.S. at 412-13)).

Mr. Hensley asserts that the Jefferson Circuit Court violated Article III of the Interstate Agreement on Detainers (the "IAD"), 18 U.S.C. Apx. 2 § 2, adopted by Kentucky at Ky. Rev. Stat. 440.450, by failing to bring him to trial within 180 days of the prosecutor's receipt of his request, because, in spite of his diligence, the Jefferson Circuit Court never received his request until he filed a motion to dismiss the charge against him.  According to Mr. Hensley, the Jefferson Circuit Court and the Kentucky Court of Appeals unreasonably applied the holding and reasoning of *Fex v. Michigan*, to the circumstances of his case.  Before evaluating whether Mr. Hensley's argument has any merit, however, the court must first determine whether an alleged violation of the IAD is even cognizable on habeas review.

The IAD is a congressionally sanctioned interstate compact within the Compact Clause of Article I of the Untied States Constitution, *see* Art. I, § 10, cl.3, and thus a federal law subject to federal construction.  *See Cuyler v. Adams*, 449 U.S. 433, 442 (1981).  Forty-eight states, including Kentucky and Ohio, and the United States are all signatories to the IAD.  Generally speaking, the IAD allows one "state" to request custody of a prisoner held by another "state" so that the prisoner can be tried on charges issued by the requesting state.  Its purpose is to encourage the speedy resolution of "untried indictments, informations, or complaints" against persons already incarcerated in other jurisdictions, and prevent, to the extent possible, the uncertainties attendant to unresolved charges, "which obstruct programs of prisoner treatment and rehabilitation." 18 U.S.C. Apx. 2 § 2, Art. I.  It therefore also mandates that prisoners of one

state are to be informed of any pending charges against them in another state, and to be given the opportunity to request speedy trials of those charges.

The United States Supreme Court has held, however, that alleged violations of the IAD are not ordinarily cognizable in federal habeas corpus proceedings. *See Reed v. Farley,* 512 U.S. 338, 348 (1994); *Metheny v. Hamby*, 835 F.2d 672, 675 (6th Cir.1987); *Mars v. United States*, 615 F.2d 704, 707 (6th Cir. 1980). Unless an alleged violation of the IAD somehow constitutes a fundamental defect resulting in a complete miscarriage of justice, or otherwise affects or impugns the integrity of the fact finding process at the petitioner's trial, it is not cognizable in a petition for § 2254 relief.

As noted above, Mr. Hensley has asserted that a the putative violation of the IAD occurred in spite of his own diligence, and that it constitutes a miscarriage of justice in and of itself. He has not argued, much less established, that the delay in bringing him to trial in Kentucky affected or impugned in any concrete, identifiable way the integrity of the fact finding process with respect to the charge against him. He has not argued that any witnesses became unavailable, that any evidence was lost, or that any witness' memories became impaired by the passage of time during the additional seven months he arguably should not have been required to wait. Nor has he alleged any malfeasance on the part of the Ohio prison officials or the Jefferson Circuit Court. In effect, he argues that any technical violation of the IAD *per se* entitles him to habeas relief.

His circumstances cannot be said to have given rise to so fundamental a defect that he was deprived a fair trial. *See Metheny*, 835 F.2d at 675; *see also Childress v. Ohio*, 1988 WL 242 (6th Cir. 1988)(unpublished, cited for illustrative purposes only)("Delay in receiving the

necessary forms from the custodial state ... may not have been the fault of petitioner, but there are not alleged here such egregious IAD violations that might present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." (internal quotations and citations omitted)).

In addition, the United States Supreme Court's decision in *Fex v. Michigan*, 507 U.S. 43 (1993), which was correctly identified and applied by the Kentucky courts, clearly establishes that no IAD violation actually occurred. In *Fex,* the Supreme Court held that the 180-day time limit triggered by a prisoner's request under Article III(a) of the IAD, does not begin to run until the request is received *both* by the appropriate prosecutor's office and by the appropriate court. Although the Commonwealth Attorney's Office received Mr. Hensley's request on August 2, 2004, and the Jefferson Circuit Court *should have* received a corresponding request at approximately the same time, there is no evidence in the record that the Jefferson Circuit Court actually received the request until it was attached to Mr. Hensley's motion to dismiss in March 2005. Thus, the clock on the 180-day limit did not begin to run until March 16, 2005, and Mr. Hensley's decision on September 7, 2005, to accept the Commonwealth's plea offer and file a motion to enter a guilty plea, rather than proceed with a trial, occurred within 180 days. Thus, under the holding of *Fex*, as recognized by both the Jefferson Circuit Court and the Kentucky Court of Appeals, there was no violation of the IAD.

### III.

Mr. Hensley has not alleged any violations of the IAD that constitute a "complete miscarriage of justice" or a "fundamental defect" in his ability to have obtained a fair trial on the charge brought against him by the Commonwealth of Kentucky. *Reed*, 512 U.S. at 348. A

technical violation of the IAD resulting in a six-month delay in Mr. Hensley's trial date, with no particularized showing of lost witnesses or evidence, is simply not appropriate for habeas review. *Id.* Accordingly, by separate order, the court will deny Mr. Hensley's petition.

DATE:


cc: petitioner, pro se
Mr. John Motley, Warden
counsel of record